■ ORDER OF TEACHERS OF CHILDREN OF GOD, INC., Appellant, v TRUSTEES OF THE ESTATE BELONGING TO THE DIOCESE OF LONG ISLAND et al., Respondents. [668 NYS2d 903] —In an action, *inter alia,* for a determination of title to real property pursuant to RPAPL article 15, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated June 17, 1996, which denied its motion for summary judgment on the second cause of action of the complaint.

Ordered that upon searching the record, the order is modified, on the law, by granting summary judgment to the

defendants dismissing the second cause of action insofar as it is alleged that an action upon a claim of reverter was not commenced within one year of a demand for possession of the subject parcel; as so modified, the order is affirmed, with costs to the defendants.

Contrary to the plaintiff's contention, the Supreme Court correctly concluded that under the circumstances of this case the defendant Trustees of the Estate Belonging to the Diocese of Long Island (hereinafter the Trustees) did not serve a written "demand" for possession of the subject parcel upon the plaintiff under RPAPL 612 (1) (*see, Temple Marble & Tile v Union Carbide Marble Care*, 87 NY2d 574). Thus, the requirement in that statute that an action upon a claim of reverter be commenced within one year of service of a demand was not triggered (*see,* RPAPL 612 [1]). Accordingly, the plaintiff's motion for summary judgment on its second cause of action seeking a determination of title in its favor based on the Trustees' failure to commence an action upon its reversionary interest within one year of service of a demand was properly denied (*see,* CPLR 3212). Furthermore, upon searching the record (*see,* CPLR 3212 [b]), summary judgment is granted to the defendants dismissing the second cause of action insofar as it relates to this issue.

In light of the foregoing determination, the plaintiff's remaining contentions need not be addressed. Thompson, J. P., Santucci, Joy and McGinity, JJ., concur.